Williams, J.
The petition contains no allegation that the plaintiff was not engaged in carrying on the business of trafficking in intoxicating liquors in the county of Medina during the years for which the tax complained of is charged against him, nor that he did not become legally chargeable with the tax in each of those years. The sole ground upon which his right to the relief sought is predicated, is, that the action of the county auditor in placing the tax for the preceding years on the duplicate of 1899, was without authority of law, and, consequently, that duplicate constitutes no lawful warrant for the collection of the tax by the county treasurer. This question, though involved in the case of Jung Brewing Co. v. Talbot, 59 Ohio St., 511, was not there presented by counsel, nor considered by the court; and we regard that case as presenting no obstacle to the consideration of the question here, as an original one. Nor, can a tax be justified merely upon equitable considerations. Public burdens of that nature can be sustained only when authorized by positive lawn And when such burden is illegally imposed, it is a statutory right of the party against whom it is charged to stay its collection by injunction.
Looking to our statutes, then, for the. necessary authority for the imposition and collection of the tax in question, we find it provided by Section 4364-9 of *497 the Revised Statutes, that: “Upon the business of trafficking in spiritous, vinous, malt, or any intoxicating liquors there shall be assessed yearly, and shall be paid into the county treasury, as hereinafter provided, by every person, corporation or co-partnership engaged therein, and for each place where such business is carried on, by, or for such person, corporation or> co-partnership the sum of three hundred and fifty dollars.” It is further provided by Section 4364-10: “That said assessment together with any increase thereof, as penalty thereon, shall attach and operate as a lien upon the real property on and in which such business is conducted, as of the fourth Monday of May of each year, and shall be paid at the times provided for by law for the payment of taxes on real or personal property within the state, to-wit: one-half on or before the twentieth day of June, and one-half on or before the twentieth day of December of each year.”
The first of these sections, in positive and direct terms, imposes a tax of a specific amount, unconditionally upon every place where the business of trafficking in intoxicating liquors is carried on, and in like terms requires the pérson, corporation or co-partnership, by or for whom the business is carried on, to pay into the county treasury, each year the business is so carried on, the amount of the tax so imposed. The times when the tax shall be paid are definitely fixed by the next section, namely, “one-half on or before the twentieth day of June, and one-half on or before the twentieth day of December of each year.” The proceeding provided by statute for the assessment of taxes on real or personal property has no analogy or application to a tax of this character. To assess a tax upon property, its valuation must be brought before the county auditor in the mode provided by law, from *498 which, and the rate of taxation, he ascertains and charges up on the duplicate the appropriate amount of taxes against the property and its owner. So, in bringing upon the duplicate additional property, where there have been omissions or false returns, the auditor must ascertain the value of the omitted property and assess upon it taxes according to the required rate. Obviously, the term “ assessed” in Section 4364-9, above quoted, is not there used in that sense, but rather in the sense of “charged,” as if the provision read, there shall yearly stand charged against each place where the business, etc., is carried on, the sum of three hundred and fifty dollars, which shall be paid into the county treasury by the person, etc., by and for whom the business is carried on. No ■official action of the county auditor is necessary to the creation or ascertainment of this specific debt to the state, nor to the obligation of the person charged with its payment. Both are created, and the amount fixed, by the express provision of the statute, and both continue until discharged by payment. With respect to such tax, provisions like those contained in Sections 2781, and 2782, of the Revised Statutes are unnecessary and inappropriate.
The mode of procedure for enforcing payment of this tax is prescribed by other provisions of the statute. Section 4364-12 provides: “That if any person, corporation or co-partnership shall refuse or neglect to pay the amount due from them under the provisions of this act within the time therein specified, the county treasurer shall thereupon forthwith make said amount due with all penalties thereon, and four per cent, collection fees, and costs, by distress and salé, as on execution, of any goods and chattels of such person, corporation or co-partnershipand that *499 section' contains further provisions which give the levy of the treasurer priority over all other liens on the chattel property of the delinquent, and denies any exemption of his property from such levy and sale; and then it provides that: “In the event of the treásurer, under the levy provided for under this act,- being unable to make the amount due thereunder, or any part thereof, the county auditor shall place the amount due and unpaid on the tax duplicate against the real estate in which said traffic is carried on, and the same shall be collected as other taxes and assessments on said premises.” It seems clear' from these provisions that the amount of the tax imposed by Section 4364-9 becomes at once, by force of the statute, an existing debt of the person who carries on the designated business, and that the statute itself is‘ not only a sufficient warrant to the treasurer for the collection of the tax, before it is entered on the' duplicate against the real estate where the business was carried on, but enjoins on him the explicit duty to make such collection. The method provided by Sections 4364-13 and 4364-14, for getting the tax on the duplicate, briefly is, that the district assessors make returns to the county auditor of the places, within their respective jurisdiction, where such business is carried on, with the name of the person engaged therein, a description of the premises where the same is conducted, and the name of the owner of the premises. From these returns the county auditor makes up and preserves in his office a duplicate, alphabetically arranged, showing the amount of the tax, by whom to be paid, and the premises whereon the same is a lien; and he is required to deliver a copy of the duplicate to the county treasurer for collection, by the first *500 Monday of June of each year. And Section 4364-14 contains the provision that: “Upon receiving satisfactory information of-any such business liable to-assessment or increased assessment, as aforesaid, not returned by the assessor, he (the auditor) shall forthwith enter the same upon such duplicate, and upon the county treasurer's copy thereof.” It is not made essential to the lawful action of the auditor in supplying the omission under this clause of the statute that the omission shall be one which was made by the assessor in his return for the current year. The language is broad enough to authorize the entry of an omission of a preceding year which has been brought to the knowledge of the auditor. The action of the auditor in making the entry is a mere ministerial and clerical act whose performance, we believe, is not essential to the validity of the tax. Nor, can the right of the state to the tax which it has directly imposed by statute for its legitimate purposes, be defeated in Consequence of the omission of the assessor to make return to the auditor within a specific time, nor of the latter to enter it upon the duplicate within such time. But, if such entry were necessary, authority therefor, without restriction to the current year, is conferred by the statute.
This has been the legislative interpretation of the statute. The proviso inserted in the amendatory act of April 12, 1900 (94 O. L., 133), which constitutes the only amendment made by that act, exempts certain classes of liquor dealers therein mentioned from the. tax on their business for any year prior to June 1, 1898, where no return thereof had been made to the county auditor, nor entry made by him on the duplicate, before that date. This provision made in *501 1900, for the exemption from any tax which had not been entered on .the duplicate against the-'designated class of dealers prior to June, 1898, was unnecessary and without effect, if, without such provision the auditor was destitute of authority, in entering omissions on the duplicate against any class of dealers, to go back of the current year. The amendment is, therefore, a distinct legislative recognition that, except as therein provided, the auditor is clothed with such authority. The plaintiff’s case is not within the exception.
An argument is made in behalf of the plaintiff, founded upon supposed inconveniences and hardships that would arise under the lien clause of the statute, if his contention be not sustained. That clause provides, as has been seen, that the tax shall attach as a lien on the premises where the business is conducted “as of the fourth Monday of May .of each year ;” and it is urged that, the traffic may have been carried on for a past year so secretly as to elude detection, and that a person ignorant of such use of the premises, and of any tax thereon on account of such business, could not with safety purchase the property. If the commencement of the lien, as against third persons dealing with the property, be limited to the year in which the tax is entered upon the duplicate, the apprehended consequences could not result. The duplicate would have the effect of notice by public record, and a person thereafter acquiring the property could not claim the protection of a bona -fide purchaser. What the rights of a purchaser may be, against the state, must depend upon the facts of his case. We have no such case before us, and until one is presented for determination, a discussion of the *502 question is best forborne. The existence of the lien is not necessary to the validity of the tax, but is only an additional means of .securing its payment.

Judgment affirmed.

. Minshadd, C. J., Btjrket, Spear, .Shauck and DÁvis, JJ., concur.